IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAYA PATEL, individually and on behalf of persons similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>O M NAMAH, INC., an Illinois corporation, MANEKLAL PATEL, an individual, and CHANDRIKA PATEL, an individual,<br><br>    Defendants. | Case No. 19-cv-04918<br><br>**JURY TRIAL DEMANDED** |

## COLLECTIVE ACTION COMPLAINT

Plaintiff, Jaya Patel, individually and on behalf of persons similarly situated, states as follows as her Collective Action Complaint Against O M Namah, Inc., Maneklal Patel, and Chandrika Patel:

## NATURE OF THE ACTION

1. Plaintiff brings this claim for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq.*, for Defendants' failure to pay overtime wages to Plaintiff and other similarly situated employees for all time worked in excess of forty (40) hours in individual work weeks. Defendants' unlawful compensation practices have had the effect of denying Plaintiff and other similarly situated employees their lawfully earned and living wages.

**PARTIES**

2. Plaintiff, Jaya Patel ("Jaya"), is a citizen of Illinois who is a former O M Namah, Inc. non-exempt employee who was paid on an hourly basis.

3. Defendant, O M Namah, Inc. ("O M Namah"), is an Illinois corporation which owns and operates a Dunkin' Donuts restaurant franchise located in Brookfield, Illinois. At all relevant times, O M Namah was Jaya's employer.

4. Defendant, Maneklal Patel ("Maneklal"), is an individual and citizen of Illinois who resides in this District. At all relevant times, Maneklal was the co-owner and co-operator of the O M Namah store in Brookfield, Illinois and, together with Defendant Chandrika Patel, is responsible for instituting the policies that are violated herein. Maneklal, together with Defendant Chandrika Patel, has the ultimate responsibility at the O M Namah store in Brookfield, Illinois for paying employees and setting payroll practices.

5. Defendant, Chandrika Patel ("Chandrika"), is an individual and citizen of Illinois who resides in this District. At all relevant times, Chandrika was the co-owner and co-operator of the O M Namah store in Brookfield, Illinois and, together with Defendant Maneklal Patel, is responsible for instituting the policies that are violated herein. Chandrika, together with Defendant Maneklal Patel, has the ultimate responsibility at the O M Namah store in Brookfield, Illinois for paying employees and setting payroll practices.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 as this matter arises under the Constitution, laws, or treaties of the United States.

2

7. At all times pertinent to this Complaint, Defendant O M Namah, was an enterprise with more than two employees engaged in commerce with annual gross sales volume of at least $500,000.00 per year.

8. Venue is proper in this District because the acts complained of all took place in this District and at all relevant times, Plaintiff was employed by Defendants and worked at their Brookfield, Illinois location in this District.

## FACTUAL ALLEGATIONS

9. Jaya began working for Defendants at their Brookfield, Illinois location in or about September 2012 as a regular employee.

10. In or about 2014, Jaya's title was changed to "manager," but her day-to-day responsibilities remained the same, including manually serving customers and acting as a cashier.

11. Further, at no time did Jaya act as a manager nor did she supervise any other employees at Defendants' Brookfield, Illinois location.

12. Jaya was not exempt from the minimum wage or overtime provisions of the FLSA.

13. Defendants regularly required Jaya and many other O M Namah employees at the Brookfield, Illinois location to work more than 40 hours per week.

14. Indeed, Jaya regularly worked in excess of 70 hours per week for O M Namah at the Brookfield, Illinois location.

15. For example, during the pay period beginning November 12, 2017 and ending November 25, 2017, Jaya was paid for 80 hours of regular work at a rate of $9.25 per hour, and 54 hours of overtime work at a rate of $14.63 per hour.

3

16. In fact, Jaya worked 80 hours of regular work and at least 74 hours of overtime work during that same period. Thus, for that period she was paid at most $10.66 per hour for her overtime work, less than 1.5 times her normal hourly rate.

17. As a further example, during the pay period beginning February 18, 2018 and ending March 3, 2018, Jaya was paid for 80 hours of regular work at a rate of $9.25 per hour, and 53.74 hours of overtime work at a rate of $14.63 per hour.

18. In fact, Jaya worked 80 hours of regular work and at least 74 hours of overtime work during that same period. Thus, for that period she was paid at most $10.62 per hour for her overtime work, less than 1.5 times her normal hourly rate.

19. As a further example, during the pay period beginning March 4, 2018 and ending March 17, 2018, Jaya was paid for 80 hours of regular work at a rate of $9.25 per hour, and 56.52 hours of overtime work at a rate of $14.63 per hour.

20. In fact, Jaya worked 80 hours of regular work and at least 74 hours of overtime work during that same period. Thus, for that period she was paid at most $11.17 per hour for her overtime work, less than 1.5 times her normal hourly rate.

21. Other similarly situated employees have been employed by the O M Namah and have not been paid their required overtime wages.

22. Defendants Chandrika and Maneklal managed Jaya's and other similarly situated employees work, including the amount of hours and overtime required to be worked, and also dictated, controlled, and ratified the compensation and all related employment policies of Defendant O M Namah.

## COLLECTIVE ALLEGATIONS

23. Plaintiff seeks to maintain this suit as a collective action pursuant to 29 U.S.C. §216(b) on behalf of herself and all other non-exempt employees who worked overtime and were not fully compensated (the "FLSA Class").

24. Plaintiff and other similarly situated current and former employees in the asserted class regularly worked over 40 hours per week.

25. At all times material to this Complaint, Defendants had a pattern and practice of failing to comply with the FLSA in that Plaintiff and those similarly situated to Plaintiff performed services for Defendants for which Defendants did not pay Plaintiffs and similarly situated persons the correct overtime rate of pay.

26. Plaintiff and asserted members of the collective are similarly situated because, among other things, they were all were not paid the required overtime rate that they were entitled to under the FLSA – namely a rate of one and one-half times their normal rate of pay for all work in excess of 40 hours per week; and had such rights undermined and neglected by Defendants' unlawful practices and policies.

27. Defendants have jointly encouraged, permitted, and required the FLSA Class to work without required overtime compensation of one and one-half times the normal wages.

28. Defendants have known that Plaintiff and other members of the FLSA Class have been deprived of required overtime compensation.

29. Nonetheless, Defendants have operated under a scheme to deny Plaintiff and the FLSA Class required compensation of one and one-half time normal wages for work in excess of 40 hours per week of the FLSA Class.

30. Defendants conduct, as alleged herein, was willful and has caused significant damage to Plaintiff and other members of the FLSA class.

31. There are estimated to be over 15 current and former employees within the asserted class for this collective action during the material time who are similarly situated to Plaintiff.

32. With such numbers of similar claims for unpaid compensation, a collective action is superior procedure for adjudicating such claims. Plaintiff requests that the Court authorize and supervise notice to the members of the asserted class so that all claims may be resolved efficiently in a single proceeding.

33. The records, if any, should be in the custody or control of Defendants concerning the members of the asserted collective, the number of hours actually worked by Plaintiff and all other similarly situated employees, and the compensation actually paid, or not paid, to such employees.

34. Plaintiff will fairly and adequately protect the interests of each proposed class member and have retained counsel that is knowledgeable and experienced in employment litigation. Plaintiff has no interest that is contrary to, or in conflict with, members of the collective.

## LEGAL CLAIMS

### COUNT I
**(Violations of the Fair Labor Standards Act - Plaintiff Individually and on Behalf of All Similarly Situated Employees Pursuant to 29 U.S.C. § 216)**

35. Plaintiff re-alleges and incorporates by reference, as it fully stated herein, Paragraphs 1-34, above, as Paragraph 35 of Count I of this Complaint.

36. At all relevant times, Defendant O M Namah, through its owners and operators Maneklal Patel and Chandrika Patel, employed and/or continued to employ Plaintiff and each member of the proposed class of hourly employees within the meaning of the FLSA.

37. Under the FLSA, Plaintiff and the Class (hereinafter referred to as "The FLSA Class") were entitled to be paid at the overtime rate by Defendants for each hour worked in excess of 40 hours each workweek.

38. The overtime rate is computed by multiplying 1.5 times an employee's regular hourly rate, which includes all non-discretionary compensation paid to employees.

39. Defendants failed to compensate Plaintiff and the proposed FLSA Class at the overtime rate for work performed in excess of 40 hours per week in violation of the FLSA.

40. Upon information and belief, Defendants' practices were not based upon Defendants' review of any policy or publication of the United States Department of Labor and therefore were willful and deliberate.

41. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

42. As a direct and proximate result of Defendants' violations of the FLSA, Plaintiff alleges on behalf of the members of the proposed FLSA class that they have suffered damages and are entitled to recover damages from Defendants.

**WHEREFORE** Plaintiff, Jaya Patel, respectfully asks that this Court enter judgment in her and each member of the proposed FLSA class's favor on Count I of her Complaint and against Defendants; award her and the FLSA class their unpaid compensation and overtime; award her and the FLSA class an additional equal amount as liquated damages; award her and the FLSA class prejudgment interest; reasonable attorneys' fees, and costs and disbursements of

this action, pursuant to 29 U.S.C. §216(b); and, for such other and further relief as this Court deems just and proper.

## COUNT II
### (Violations of the Illinois Minimum Wage Law - Plaintiff Individually)

43. Plaintiff re-alleges and incorporates by reference, as it fully stated herein, Paragraphs 1-34, above, as Paragraph 43 of Count I of this Complaint.

44. This count arises from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law (the "IMWL"), 820 ILCS § 105/1 *et seq*.

45. Under the IMWL, Defendants were and remain obligated to compensate Plaintiff for all hours worked in excess of 40 hours in any individual workweek. Overtime compensation must be paid at a rate of not less than one and one-half times the regular rate of pay.

46. Plaintiff was regularly permitted, encouraged and/or required to work in excess of 40 hours per week but was not compensated at the required one and one-half times normal rate for such overtime work.

47. By failing to pay overtime compensation due to Plaintiff, Defendants willfully, knowingly and/or recklessly violated the IMWL which requires overtime compensation of one and one-half times normal rate to be paid.

48. As a direct and proximate result of Defendants' violations of the IMWL, Plaintiff has suffered damages and is entitled to recover damages from Defendants.

**WHEREFORE** Plaintiff, Jaya Patel, respectfully asks that this Court enter judgment in her favor on Count II of her Complaint and against Defendants; enter a declaratory judgment that Defendants violated the minimum wage provisions of the IMWL as to the Plaintiff; enter a declaratory judgment that Defendants' violations of the IMWL were willful; award Plaintiff the amount of her unpaid wages; award Plaintiff punitive damages, including statutory interest of

2% per month, as provided by IMWL; award Plaintiff her reasonable attorneys' fees and costs incurred in filing this action; and, for such other and further relief as this Court deems just and proper.

**JURY TRIAL DEMANDED**

Dated: July 22, 2019                    RESPECTFULLY SUBMITTED,

By: /s/ Ethan E. White
    Ethan E. White
    EMERY LAW, LTD.
    2021 Midwest Road, Suite 200
    Oak Brook, Illinois 60523
    (630) 984-0339(direct)
    ewhite@emerylawltd.com